JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained here in neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JEFFREY JEANNOT

**DEFENDANTS**

PHILADELPHIA HOUSING AUTHORITY, BRANVILLE G. BARD, JR., Chief of Police (in his individual and official capacities), and WILIAM BRITT, Inspector (in his individual and official capacities).

**(b)** County of Residence of First Listed Plaintiff    Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia county
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Caroline H. Miller, Esq.
Derek Smith Law Group PLLC
1845 Walnut Street, Suite 1601, Philadelphia, PA 19103.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101 et. seq ("ADA"),  43 P.S. §§ 951, et. seq. ("PHRA"), the Civil Rights Act of 1871, 42 U.S.C. §198

Brief description of cause:
DISABILITY DISCRIMINATION, RETALIATION AND WRONGFUL TERMINATION.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
05/10/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse  (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:___5523 N. Marshall Street, Philadelphia, PA 19120

Address of Defendant:___12 S. 23rd Street, Philadelphia, PA 19103

Place of Accident, Incident or Transaction:___12 South 23rd Street, Philadelphia, PA 19103.

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY*:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

    Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

    Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

    Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

    Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I,___Caroline H. Miller___, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE:___05/10/2018_____    _____    321420

    Attorney-at-Law    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:___05/10/2018_____    _____    321420

    Attorney-at-Law    Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

JEFFREY JEANNOT

                               :         CIVIL ACTION

                     v.            :

PHILADELPHIA HOUSING AUTHORITY, BRANVILLE    :
G. BARD, JR., Chief of Police (in his individual and official capacities),   :         NO.
and WILIAM BRITT, Inspector (in his individual and official capacities).

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x )

---

| 05/10/2018 | | Plaintiff |
| --- | --- | --- |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-391-4790 | 215-893-5288 | caroline@dereksmithlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

-------------------------------------------------------------------------X

JEFFREY JEANNOT,

Civil Action No.

Plaintiff,

-against-

**COMPLAINT**

PHILADELPHIA HOUSING AUTHORITY, BRANVILLE
G. BARD, JR., Chief of Police (in his individual and
official capacities), and WILIAM BRITT, Inspector
(in his individual and official capacities).

Plaintiff Demands A
Trial by Jury

Defendants.

-------------------------------------------------------------------------X

Plaintiff, Jeffrey Jeannot, as and for his Complaint against Defendants respectfully alleges

upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the American with Disabilities Act of 1990, 42 U.S.C.

   § 12101 *et. seq* ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §§

   951, *et. seq.* ("PHRA"), the Civil Rights Act of 1871, 42 U.S.C. §1983 ("Section 1983"),

   and the First and Fourteenth Amendments to the United States Constitution, and seeks

   damages to redress the injuries Plaintiff has suffered as a result of being discriminated

   against, retaliated against, and terminated by his employer solely due to his disability.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the court as this action involves a federal question under the ADA. The Court also has supplemental jurisdiction over the states causes of action.

3. Venue is proper in this district based upon Defendants' principal place of business within the County of Philadelphia, Commonwealth of Pennsylvania, and within the Eastern District of Pennsylvania. Additionally, the events took place in Philadelphia, Pennsylvania within the Eastern District of Pennsylvania.

4. On or about November 10, 2017, Plaintiff dual-filed charges with the EEOC against Defendant as set forth hisein.

5. On or about February 9, 2018, Plaintiff received a Right to Sue Letter from the EEOC.

6. This action is being commenced within 90 days of receipt of the EEOC Right to Sue Letter.

## PARTIES

7. Plaintiff Jeffrey Jeannot (hereinafter also referred to as Plaintiff or "JEANNOT") is a resident of the City of Philadelphia, Commonwealth of Pennsylvania.

8. Defendant PHILADELPHIA HOUSING AUTHORITY, (hereinafter referred to as Defendant and/or "PHA") was and still is a housing authority and body corporate organized by virtue of the laws of the Commonwealth of Pennsylvania and the United States of America. PHA, among othis duties related to public housing, manages and operates a police department commonly referred to as the Philadelphia Housing Authority Police Department (the PHA Police") pursuant to the laws of the Commonwealth of Pennsylvania

2

9. Defendant PHA has a corporate headquarters located at 12 South 23rd Street, Philadelphia, PA 19103.

10. At all times material, Defendant BRANVILLE G. BARD, JR. (hereinafter "BARD") was and still is an employee of Defendant PHA as its Chief of Police. At all times material Defendant Bard was the final decision maker regarding the operation, management and control of the PHA Police. Defendant Bard was responsible for establishing the policies and procedures of the PHA Police. He was also responsible for the hiring, screening, training, supervision, discipline and control over the employees within the PHA Police Department. Defendant Bard is sued in his official and individual capacities.

11. At all times material, Defendant BARD had supervisory authority over the Plaintiff.

12. At all times material, Defendant WILLIAM BRITT (hereinafter "BRITT") was and still is an employee of Defendant PHA as an Inspector.

13. At all times material, Defendant BRITT had supervisory authority over the Plaintiff.

14. Defendants Bard and Britt are referred to collectively as the "Individual Defendants."

15. Throughout the course of Plaintiff's employment with Defendants, he was subjected to acts of disability discrimination as well as wrongful termination.

## MATERIAL FACTS

16. In or around September 2014, Plaintiff began his employment with Defendant PHA as a Police Officer.

17. On or around May 7, 2017, Plaintiff was working a shift from 7:00 pm to 7:00 am with his partner for the night, Officer Roland Rodgers.

3

18. During his personal time on the shift, Plaintiff stopped by a Rite Aid to fill a prescription for Adderall.

19. The Adderall was prescribed by Plaintiff's physician so that he could maintain the focus, concentration and cognitive functions necessary for him to perform his duties as a police officer. Plaintiff provided prior notice to his supervisor that he was prescribed Adderall to assist him in performing his duties as a police officer.

20. Later that night, Plaintiff and Officer Rogers responded to a domestic dispute which Plaintiff resolved peacefully. Curiously, Officer Rogers secretly videotaped Plaintiff during the response to the domestic dispute call. In addition, Plaintiff noticed that his partner spent a significant amount of time away from the patrol car on the phone for long periods of time.

21. At approximately 1:50 am later the same night on May 8, 2017, Officer Rogers received a call from the sergeant to return to the Police Headquarters to complete some Municipal Police Officer Training (MPO). Plaintiff accompanied Officer Rogers back to the Police Headquarters.

22. The sergeant informed Plaintiff that he could go home early, otherwise he would have to sit in the office for the remainder of the shift without anything to do. If Plaintiff chose to go home, he would have to use a vacation/sick day.

23. Plaintiff accepted the sergeant's invitation and took a vacation day and went home early at around 3:45 am. Before leaving, Plaintiff provided his patrol log and pertinent paperwork for the night to Sergeant Matthew Richardson who then said, "Ok, you're good to go. See you later."

4

24. The next day, at approximately 4:00 pm on May 8, 2017, Plaintiff received a knock on his door from Lieutenant Hakeem Dunbar.  Lt. Dunbar entered Plaintiff's house and stated that Plaintiff was under investigation, but he would not give a reason.  Lt. Dunbar also informed Plaintiff that he was placed under restrictive duty, and therefore, had to provide Lt. Dunbar with the locker combination for his firearm.  Lastly, Lt. Dunbar informed Plaintiff that he was required to come to work for his shift on May 9, 2017 from 7:00 am – 7:00 pm in business casual clothing rather than his uniform.

25. Lt. Dunbar added that he was not at liberty to speak about the reason for the restrictive duty but asked, among other things, whether anything "unusual happened last night" and "was I not feeling well the night before?"

26. When Plaintiff arrived at work for his shift, Lt. Dunbar informed Plaintiff to "follow me" and stated that he was taking Plaintiff to Episcopal Hospital for a drug test based upon alleged reasonable suspicion.

27. Lt. Dunbar stated that if everything clears, Plaintiff would be back on the street in a couple of days.

28. Plaintiff asked Lt. Dunbar that if he was under reasonable suspicion the prior night, why didn't the Police Department require a drug test then.  Lt. Dunbar responded that, "Sergeant made a mistake."

29. Several weeks later, on May 26, 2017, Plaintiff was placed on suspension with a recommendation for "Discharge/Probationary Separation".

30. At no time did Defendants provide Plaintiff with a result of the drug tests after his repeated demands as required by the Police Department's written directives.

31. Moreover, Defendants never provided Plaintiff with the opportunity to make a statement in response to the reasonable suspicion of his apparent drug use.

32. In fact, Plaintiff has a written doctor's note stating that his prescription of Adderall would not interfere with his ability to perform his duties as a police officer.

33. To this date, Defendants have failed to comply with its written directives relating to his discipline or the administration of the drug test.

34. Plaintiff made numerous demands for an explanation of Defendants' action but was never given a clear response.

35. Indeed, Defendants failed to engage in any interactive discussions to discuss his prescription of Adderall, potential reasonable accommodations, or any other concerns regarding Plaintiff's ability to maintain the necessary concentration or cognitive functions to perform his duties as a police officer. In fact, the prescription for Adderall did not interfere with his duties as a police officer.

36. Quite to the contrary, Defendants retaliated against Plaintiff by terminating him, refusing to provide him with a clear reason for the reasonable suspicion, and trumping up other reasons for this termination as set forth in his May 26, 2017 Notice of Suspension.

37. Accordingly, Defendants failed to reasonably accommodate Plaintiff's disability and failed to engage in an interactive process which would reasonably facilitate Plaintiff's completion of his job responsibilities and tasks.

38. Further, at no time did Defendants provide Plaintiff with any notices as required by the Family Medical Leave Act of 1993, 29 U.S.C. §2911, et seq.

39. As a result, Defendants unlawfully discriminated against Plaintiff and wrongfully terminated him as a result, and in retaliation, of his disability or perceived disability.

6

40. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

41. As a result of Defendants' discriminatory and retaliatory treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

42. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

43. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against all Defendants jointly and severally.

44. The above are just some of the examples of unlawful and discriminatory conduct to which Defendants subjected Plaintiff.

45. Defendants have established a pattern and practice of discrimination and retaliation through their actions.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

46. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

47. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

48. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

49. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disability.

50. As such, Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

51. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

52. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

8

53. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his medical disability.

54. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

## AS A THIRD CAUSE OF ACTION
## FOR RETALIATION UNDER STATE LAW

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

57. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A FOURTH CAUSE OF ACTION
## FOR AIDING & ABETTING UNDER STATE LAW

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet,

9

incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

60. Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A TENTH CAUSE OF ACTION PURSUANT TO SECTION 1983 FOR VIOLATIONS OF EQUAL PROTECTION RIGHTS UNDER THE FOURTEENTH AMENDMENT

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

62. Defendants have implemented and enforced a policy, custom and/or practice of engaging in discriminatory conduct against Plaintiff because of his disability, thereby violating Plaintiff's equal protection rights protected under Fourteenth Amendment of the United States Constitution.

63. The constitutional violations suffered by Plaintiff were proximately and directly caused by policies, practices and/or customs implemented and enforced by Defendant PHA Police Department and the Individual Defendants, as set forth in this Amended Complaint.

64. Defendants have acted with deliberate indifference to Plaintiff's equal protection rights and as a direct and proximate result of the acts and omissions of the Defendants, Plaintiff's equal protection rights were violated.

10

65. At all times relevant hereto, Defendants were acting under color of state law and the Individual Defendants were acting within the course of their official duties or employment.

66. At all times relevant hereto, Plaintiff had a clearly established constitutional right to be free from workplace disability discrimination and/or disability motivated adverse employment actions.

67. The Individual Defendants knew or should have known of Plaintiff's equal protection rights as they were clearly established at all relevant times.

68. Defendants' actions and omissions were objectively unreasonable in light of the facts and circumstances confronting them.

69. Defendants' actions and omissions were also malicious, reckless, callous and deliberately indifferent to Plaintiff's federally protected rights and shocks the conscience.

70. Defendants acted in concert and joint action with each other.

71. The acts and omissions of Defendants as described herein intentionally deprived Plaintiff of his federally protected rights and caused him damages.

72. The Individual Defendants are not entitled to qualified immunity for their actions and omissions.

73. Defendants at all times relevant hereto were acting pursuant to municipal custom, policy, decision, ordinance, regulation, widespread habit, usage or practice in their conduct towards Plaintiff.

## AS AN ELEVENTH CAUSE OF ACTION PURSUANT TO SECTION 1983 FOR RETALIATION IN VIOLATION OF THE FIRST AMENDMENT

74. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

75. At all relevant times, Plaintiff had a clearly established constitutional right to be free from retaliation for the exercise of protected speech.

76. Plaintiff had a right to assert a claim to his union and to request a reasonable accommodation to be free from workplace smoking.

77. Plaintiff also had a right to demand that he be free from disability discrimination and harassment.

78. Defendants knew or should have known of these rights at the time of their actions and omissions as they were clearly established at that time.

79. Defendants' retaliatory animus for Plaintiff's exercise of his constitutionally protected First Amendment rights was a substantially motivating factor in rejecting Plaintiff's reasonable requests and his termination.

80. Defendants engaged in conduct to quell his constitutionally protected speech and retaliate against his for exercising such speech.

81. Defendants' retaliation against Plaintiff would deter a person of ordinary firmness from continuing to engage in such protected speech.

82. Defendants' actions and omissions were objectively unreasonable in light of the facts and circumstances confronting them.

83. Defendants' actions and omissions were also malicious, reckless, callous and deliberately indifferent to Plaintiff's federally protected rights and shocks the conscience.

84. Defendants acted in concert and joint action with each other.

85. The acts and omissions of Defendants as described herein intentionally deprived Plaintiff of his federally protected rights and caused him damages.

86. The Individual Defendants are not entitled to qualified immunity for their actions and omissions.

87. Defendants at all times relevant hereto were acting pursuant to municipal custom, policy, decision, ordinance, regulation, widespread habit, usage or practice in their conduct towards Plaintiff.

## AS A TWELFTH CAUSE OF ACTION FOR
## WRONGFUL TERMINATION

88. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

89. Plaintiff was wrongfully terminated in violation of a clear mandate of Pennsylvania public policy against retaliation for filing and/or pursuing a worker's compensation claim, EEOC claim and/or FMLA leave.

90. Defendants' employees were all acting within the scope of their employment when they engaged in the improper conduct.

91. Defendants' wrongful termination of Plaintiff caused him substantial and severe damages as described herein.

92. Defendants should not be permitted to benefit from their violation of Pennsylvania public policy.

13

93. The goals and motives of Pennsylvania's public policy are injured and/or undermined by Defendants' conduct and wrongful termination of Plaintiff.

94. Defendants' wrongful termination of Plaintiff was willful, in knowing disregard for Pennsylvania public policy, egregious, and outrageous.

95. Defendants terminated Plaintiff's employment after they had actual notice that Plaintiff was still injured and unable to perform his duties to his work related injuries.

**AS A THIRTEENTH CAUSE OF ACTION FOR
<u>VIOLATION OF THE FMLA</u>**

96. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

97. Defendants violated the FMLA by interfering with, restraining and/or denying Plaintiff's rights under the FMLA, including, but not limited to, by:

    a.  Failing to comply with the general notice requirements under the FMLA;

    b.  Failing to comply with the eligibility notice requirements under the FMLA;

    c.  Failing to comply with the rights and responsibilities notice requirements under the FMLA;

    d.  Failing to comply with the designation notice requirements under the FMLA;

    e.  Failing to provide notice of a fitness-for-duty certification with the designation notice as required by the FMLA;

    f.  Discharging, suspending and/or disciplining Plaintiff notwithstanding that Plaintiff was fit to perform his duties;

    g.  Retaliating against Plaintiff for asking for a reasonable accommodation and/or complaining against his unfair treatment.

14

h.   Failing to provide Plaintiff with the proper FMLA forms and/or medical certifications;

i.   Failing to supervise and/or train its employees and supervisors on compliance with the provisions of the FMLA;

j.   Upon information and belief, failing to have an audit of Defendant's FMLA policies, procedures and compliance at its branch offices.

k.   Directing a co-worker to record a video of Plaintiff for the improper and false purpose of documenting Plaintiff's on-duty job performance without his knowledge of consent.

l.   Otherwise violating the FMLA.

98. Defendants' violations of the FMLA were grossly negligent and/or willful.

99. As a direct and proximate cause of Defendants violation of the FMLA, Defendants are liable for Plaintiff's compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of their violation, and for appropriate equitable or other relief tailored to the harm suffered by Plaintiff. *See* 29 CFR 825.300 (e).

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

15

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: May 10, 2018

**DEREK SMITH LAW GROUP, PLLC**
Attorneys for Plaintiff

By: _____
Caroline Hope Miller, Esq.
1845 Walnut Street, Suite 1601
Philadelphia, Pennsylvania 19103
(215) 391-4790

16